ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

2006 SEP -3 PM 4: 15

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| WENDELL A. JENIFER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CV106-139** |
| vs. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| FLEMING, INGRAM & FLOYD, P.C., | ) | |
| f/k/a FLEMING, BLANCHARD, | ) | |
| JACKSON & DURHAM, P.C., | ) | |
| JOHN FLEMING, and | ) | |
| WILLIAM M. FLEMING, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

For his Complaint against the above-named Defendants, Plaintiff Wendell A. Jenifer

states the following:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Wendell A. Jenifer ("Mr. Jenifer") is a resident of South Carolina. Mr. Jenifer

retained Defendants John Fleming and Fleming, Blanchard, Jackson & Durham, P.C., to

represent Mr. Jenifer with regard to injuries he sustained on March 13, 1999, when he fell down

the steps at the Sunset Inn - Augusta, located at 3034 Washington Road, Augusta, Richmond

County, Georgia (the "Sunset Inn").

2.

Defendant Fleming, Ingram & Floyd, P.C., is a Georgia professional corporation engaged

in the general practice of law and, on information and belief, is a successor to Fleming,

Blanchard, Jackson & Durham, P.C.; Fleming, Blanchard & Jackson, P.C.; Fleming, Blanchard, Jackson, Ingram & Floyd, P.C.; and Fleming, Jackson, Ingram & Floyd, P.C. (collectively, the "Fleming Firm"). At all relevant times the Fleming Firm had its principal place of business in Augusta, Richmond County, Georgia. The Fleming Firm is subject to the venue and jurisdiction of this Court.

3.

Defendant John Fleming is a Georgia resident, and is subject to the venue and jurisdiction of this Court. At all relevant times John Fleming was a shareholder of the Fleming Firm and was acting within the scope of his employment as a member and attorney of the Fleming Firm.

4.

Defendant William M. Fleming ("Bill Fleming") is a Georgia resident, and is subject to the venue and jurisdiction of this Court. At all relevant times Bill Fleming was an associate of the Fleming Firm and was acting within the scope of his employment as an attorney of the Fleming Firm, and/or was otherwise acting as an attorney representing Mr. Jenifer pursuant to and in conjunction with John Fleming and the Fleming Firm's representation of Mr. Jenifer.

5.

This Court possesses subject matter jurisdiction over this claim pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6.

Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

7.

On or about March 13, 1999, Mr. Jenifer rented a second floor room at the Sunset Inn. While descending the steps at the Sunset Inn for the first time, Mr. Jenifer slipped and fell down the steps, and was seriously injured as a result of his slip and fall.

8.

On or about March 14, 1999, Mr. Jenifer went to the emergency room for the Burke County Hospital in Waynesboro, Georgia to be treated for his injuries.

9.

On or about March 15, 1999, Mr. Jenifer met with and retained John Fleming and the Fleming Firm to represent Mr. Jenifer with regard to the injuries he sustained when he fell down the steps at the Sunset Inn on March 13, 1999. A copy of the written representation agreement between Mr. Jenifer and John Fleming and the Fleming Firm as executed by Mr. Jenifer is attached as Exhibit A.

10.

Upon Mr. Jenifer's retention of John Fleming and the Fleming Firm, John Fleming wrote to the Manager of the Sunset Inn that "Our investigation of the [March 13, 1999] incident reveals that the steps [of] your establishment were negligently maintained; and we, therefore, intend to pursue a claim against you to compensate Mr. Jenifer for his injuries." A copy of the Fleming Firm's file copy of John Fleming's March 15, 1999 letter is attached as Exhibit B.

11.

During the course of Mr. Jenifer's representation by John Fleming and the Fleming Firm,

John Fleming's nephew, Defendant Bill Fleming, became an associate of the Fleming Firm, and, on information and belief, but unbeknownst to Mr. Jenifer, John Fleming directed that Bill Fleming would be primarily responsible for the Fleming Firm's representation of Mr. Jenifer.

12.

On or about Friday, March 9, 2001, almost two years after John Fleming and the Fleming Firm agreed to represent Mr. Jenifer, Bill Fleming and the Fleming Firm filed a Complaint ("the "Complaint") on behalf of Mr. Jenifer for the injuries suffered in the March 13, 1999 slip and fall in *Wendell J. Jenifer v. Sunset Inn, Inc.*, Richmond County Superior Court, Georgia, C.A. No. 2001-RCCV-204 (the "Lawsuit").   A copy of the Complaint is attached as Exhibit C.

13.

In signing and filing the Complaint, the Fleming Firm and Bill Fleming represented that to the best of their knowledge, formed honestly after reasonable inquiry, the Lawsuit against Sunset Inn, Inc., was well grounded in fact and warranted by law.

14.

The Complaint misnamed Mr. Jenifer (as having the middle initial "J." instead of "A"), stated an incorrect date for the slip and fall ("13th day of March, 1998" instead of "1999") and may have named the wrong defendant, Sunset Inn, Inc.

15.

On behalf of Mr. Jenifer, the Fleming Firm and Bill Fleming specifically represented in the Complaint the following:

a.      "At the time [Mr. Jenifer] was at [the Sunset Inn] the steps to the second floor apartments were negligently maintained by [Sunset Inn] in a dangerous condition

4

in that they were painted with a substance that was slick causing [Mr. Jenifer] to slip and fall down the stairs when he stepped on them";

b.      "The dangerous condition of the staircase was not known to [Mr. Jenifer] and [he] had no reason to suspect the staircase to be in such a dangerous condition";

c.      "The dangerous condition of the staircase was, however, known to [the Sunset Inn], or could or should have been known to [the Sunset Inn] and [the Sunset Inn] should have exercised ordinary care for [Mr. Jenifer's] safety";

d.      "While attempting to go down the staircase to the first floor of [the Sunset Inn's] place of business [Mr. Jenifer] stepped on the stairs and slipped and fell down the said stairs sustaining injuries to his back, neck and leg causing him to suffer great pain of the body and mind, and to incur expenses for medical attention and lost wages";

e.      "[The Sunset Inn] breached the duty it owed to [Mr. Jenifer] by failing to warn [him] of the dangerous condition of the staircase and by failing to exercise ordinary care in keeping the premises safe and clear"; and

f.      "As a result of [the Sunset Inn's] negligence, [Mr. Jenifer] was injured."

Complaint, ¶¶ (7) - (12), Exhibit C.

16.

On or about July 12, 2001, Bill Fleming and the Fleming Firm served counsel for Sunset Inn, Inc., with an Amendment to the Complaint, alleging the actual date of Mr. Jenifer's injury, March 13, 1999.

5

17.

On or about July 13, 2001, Sunset Inn, Inc. asserted in its Answer to Plaintiff's

Amendment the affirmative defense that "The Defendant Sunset Inn, Inc. has no ownership or

operational interest whatsoever in the Sunset Inn Hotel located on Washington Road in Augusta,

Georgia, and had no ownership interest or operational interest in the same on March 1999."

18.

In the Summer of 2002, on information and belief, but unbeknownst to Mr. Jenifer, Bill

Fleming was asked to leave the Fleming Firm because of his failure to provide adequate

representation for clients of the Fleming Firm.

19.

In September 2002, on information and belief, Bill Fleming left the Fleming Firm.

20.

In the Fall of 2002, John Fleming and the Fleming Firm informed Mr. Jenifer that Bill

Fleming would continue to represent Mr. Jenifer in the Lawsuit.  The Fleming Firm did not

withdraw from the case, nor advise Mr. Jenifer that it was going to withdraw.

21.

On or about October 16, 2002, Sunset Inn, Inc. moved for summary judgment in the

Lawsuit on the grounds that it did not own or operate the Sunset Inn-Augusta Hotel on

Washington Road.

22.

On or about November 15, 2002, Bill Fleming, on behalf of Mr. Jenifer, moved for leave

of court to amend the pleadings to substitute another party for the named defendant in the

Lawsuit or to add the other party as a third party defendant, and submitted Mr. Jenifer's Brief in Opposition to Defendant's Motion for Summary Judgment.

23.

On or about December 6, 2002, Sunset Inn, Inc. submitted its Supplemental Brief in the Lawsuit, asserting as an additional ground for summary judgment that Mr. Jenifer could not demonstrate superior knowledge of the owner of the Sunset Inn with respect to the condition of the steps that caused Mr. Jenifer's slip and fall because, in pertinent part, "[t]here is nothing in the record in this case which suggests that the defendant had any knowledge whatsoever of the 'slick condition' as alleged by the plaintiff" and "[i]nasmuch as the plaintiff had immediately, prior to his alleged fall, negotiated the same condition abut which he now complains, his knowledge must be held equal to or superior than that of the landlord, as a matter of law."

24.

Defendants failed to file a response brief in opposition or any evidence to rebut the Amendment to Defendant's Motion for Summary Judgment despite the existence of issues of fact and law that should have prevented the grant of summary judgment on the merits of the case.

25.

Defendants knew, or should have known, that Mr. Jenifer had no equal or superior knowledge of the defective condition of the Sunset Inn's steps including, without limitation, because he had not descended the steps prior to his fall, as he testified in the Lawsuit.

26.

Defendants knew, or should have known, that ascending steps is not negotiating a defective condition in the same manner as descending steps. *See, e.g., Flournoy v. Hosp. Auth.*

7

*of Houston County*, 232 Ga.App. 791, 504 S.E.2d 198 (1998).

27.

On March 18, 2003, the court entered an Order in the Lawsuit granting Sunset Inn, Inc.'s

motion for summary judgment, providing, in pertinent part, that:

a.      "After checking in, [Mr. Jenifer] went to the room and then left";

b.      "[T]he prior use of the stairs on multiple occasions by the plaintiff is presumed to

        alert him to any defect in the steps even though the only surmise made by the

        plaintiff is that the steps were too slick"; and

c.      "It must be said, as a matter of law, that plaintiff cannot establish superior

        knowledge regarding the condition of the step at the time and place in question,

        on the part of the defendant."

A copy of the Order of March 18, 2003 is attached as Exhibit D.

28.

On or about March 31, 2003, John Fleming and the Fleming Firm terminated and

otherwise abandoned their representation of Mr. Jenifer.  A copy of the Fleming Firm's March

31, 2003 letter to Mr. Jenifer is attached as Exhibit E.

29.

As part of their duties as attorneys for Mr. Jenifer, Defendants provided legal services,

advise, information and counsel to Mr. Jenifer with respect to the Lawsuit.

30.

As a result of the attorney-client relationship between Mr. Jenifer and the Defendants

created by the above conduct of the parties, Defendants had a duty to represent Mr. Jenifer with

8

the reasonable care, skill, and diligence possessed and exercised by the ordinary attorney in similar circumstances.

31.

Defendants failed to fulfill their professional obligations to Mr. Jenifer by failing to perform with reasonable care, skill and diligence and in accordance with the prevailing standard of care by failing to adequately perform their obligations and such other acts or omissions, including, without limitation, as follows:

a.   John Fleming and the Fleming Firm failed to properly oversee and supervise the work of their associate and co-counsel, Bill Fleming;

b.   Defendants failed to properly investigate the factual basis for Mr. Jenifer's claims, conduct discovery and otherwise prosecute the Lawsuit;

c.   John Fleming and the Fleming Firm failed to identify and disclose to Mr. Jenifer Bill Fleming's failure to provide adequate representation for other clients of the Fleming Firm;

d.   John Fleming and the Fleming Firm directed that Bill Fleming would continue to represent Mr. Jenifer in the Lawsuit after Bill Fleming left the Fleming Firm despite Defendants' knowledge that Bill Fleming had failed to provide adequate representation for other clients of the Fleming Firm;

e.   Defendants failed to file a response brief in opposition or any evidence to rebut Sunset Inn, Inc.'s Amendment to Defendant's Motion for Summary Judgment;

f.   Defendants failed to object or otherwise respond to the March 18, 2003 Order granting summary judgment against Mr. Jenifer's claims in the lawsuit;

9

g.      Defendants failed to properly advise Mr. Jenifer regarding the March 18, 2003

Order;

h.      Defendants abandoned their representation of Mr. Jenifer; and

i.      Defendants otherwise acted or failed to act in such a manner as to fail to properly

prosecute Mr. Jenifer's claims in the Lawsuit.

32.

As a direct, foreseeable and proximate result of Defendants' wrongful conduct, Mr.

Jenifer was denied relief on his claims in the Lawsuit.  He has therefore suffered substantial

injury and harm including, without limitation, his lost wages, medical expenses and other

consequential losses which Mr. Jenifer would have recovered but for the Defendants' wrongful

conduct, which losses exceed the sum of $75,000.00, exclusive of interest and costs.

33.

To the extent that the requirements of O.C.G.A. §9-11-9.1 are applicable to the claims

asserted in this Complaint, the Affidavit of Frank J. Beltran, Esq. is attached in support thereof as

Exhibit F.

## COUNT I
## BREACH OF CONTRACT/ LEGAL MALPRACTICE

34.

Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1

through 33.

10

35.

Defendants contracted with and otherwise agreed to represent Mr. Jenifer regarding his claims that were, or could have been, brought in the Lawsuit and to thereby provide legal services, advice, information and counsel to Mr. Jenifer.

36.

Defendants' negligent or wrongful conduct as alleged herein constituted a breach by Defendants of their contract with Mr. Jenifer.

37.

Mr. Jenifer has been damaged as alleged herein as a result of said breach of contract.

## COUNT II
## BREACH OF FIDUCIARY DUTY

38.

Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 though 37.

39.

As attorneys representing Mr. Jenifer, Defendants owed a fiduciary duty to Mr. Jenifer.

40.

Defendants' wrongful conduct as alleged herein constituted a breach by Defendants of their fiduciary duty to Mr. Jenifer.

41.

Mr. Jenifer has been damaged as alleged herein as a result of said breach of fiduciary duty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.


## PRAYER AND DEMAND FOR RELIEF

WHEREFORE, Plaintiff Wendell A. Jenifer respectfully requests and demands that the

Court:

A.   Conduct a trial by jury of all issues so triable;

B.   Enter judgment in Plaintiff's favor and against the Defendants, jointly and

severally, on each count of the Complaint;

C.   Award Plaintiff damages as proved at trial, including, without limitation,

Plaintiff's damages resulting from the loss of his recovery against the owner

and/or operator of the Sunset Inn;

D.   Award Plaintiff his attorneys' fees and expenses; and

E.   Award such other and further relief as the Court may deem just and proper.


RESPECTFULLY SUBMITTED, this 8th day of September, 2006.


M. BRICE LADSON, P.C.


By: _____

M. Brice Ladson

GA State Bar No. 431071

Post Office Box 2819
499 Starr Creek Road
Richmond Hill, GA 31324
TEL: (912) 459-1118
FAX: (912) 727-3045

12

OF COUNSEL:

David W. Davenport
GA State Bar No. 205962
Keith A. Pittman
GA State Bar No. 581270
LAMAR ARCHER & COFRIN, LLP
50 Hurt Plaza, Suite 900
Atlanta, Georgia, 30303
TEL: (404) 577-1777
FAX: (404) 577-9490


Counsel for Plaintiff Wendell A. Jenifer

## CONTINGENT FEE CONTRACT &
## POWER OF ATTORNEY

**STATE OF GEORGIA,**
**COUNTY OF RICHMOND.**

THE UNDERSIGNED client(s) hereby employ(s) John Fleming and the law firm of FLEMING, BLANCHARD, JACKSON & DURHAM, P.C., 461 Greene Street, Augusta, Georgia 30901, to represent the client(s) in connection with the client(s) claim(s) against:_____ arising out of_____ which occurred on _____, 19__.

1. In consideration of the legal services to be rendered, the undersigned client(s) agree(s) to pay to FLEMING, BLANCHARD, JACKSON & DURHAM P.C. a contingent fee of 33⅓% of all amounts recovered by settlement or judgment prior to the deduction of costs and expenses. This fee covers employment of FLEMING, BLANCHARD, JACKSON & DURHAM, P.C. to handle this case through initial trial, if necessary, and does not include any motion for new trial or appeal.

2. All necessary costs and expenses incurred in the handling of this case shall be borne by the client(s) and FLEMING, BLANCHARD, JACKSON & DURHAM, P.C. is authorized to deduct sufficient funds from any recovery to pay expenses, including unpaid medical bills, prior to making any distribution to the client(s).

3. If no recovery is obtained, not fee shall be payable to the attorney. Both attorney and client agree that neither may settle or compromise this case without the approval of the other.

4. FLEMING, BLANCHARD, JACKSON & DURHAM, P.C. accepts said employment on the condition that they will investigate said claim, and if it appears to be a recoverable claim, will proceed to handle the same. However, if after investigation, the claim does not appear to be recoverable, then FLEMING, BLANCHARD, JACKSON & DURHAM, P.C. shall have the right to rescind this agreement.

5. FLEMING, BLANCHARD, JACKSON & DURHAM, P.C. is hereby authorized by the client(s) to take all action necessary to protect he client(s) in this matter, including the filing of suits in the name of the client(s).

6. In order to facilitate the handling of my (our) case, I so hereby constitute, make and appoint _____, Attorney at Law, as my (our) true and lawful attorney in fact, for me (us) and in my (our) name, place and stead, to sign my (our) name to any pleading, notice, release, check, draft or other paper necessary giving and granting unto said attorney full and complete power and authority, including power of substitution; and generally to do and perform al and every act and acts, thing, and things, device and devices, in the law whatsoever needful and necessary to be done, and for me (us) and in my (our) name to do, execute and perform, as largely and amply to all intents and purposes, as I (we) might or could do if I (we) were personally present; the power and agency herein granted are coupled with an interest and are irrevocable by death or otherwise; hereby ratifying and confirming all that said attorney or substitute shall lawfully do by virtue hereof.

7. I (we) have read and do understand this contract.

This ___ day of _____, 19__.

SIGNATURE OF CLIENT(S):

_____

ACCEPTANCE: Employment in the above matter is accepted under the terms specified.

BY:_____

FLEMING, BLANCHARD, JACKSON & DURHAM, P.C.
461 Greene Street
Augusta, Georgia 30901
(706) 724-7511

# EXHIBIT A

March 15, 1999

Manager
SUNSET INN
3034 Washington Road
Augusta, Georgia   30907

      Re:  Our Client:      Wendell A. Jenifer
           Date of Incident:   March 13, 1999

Dear Sir/Madame:

      The purpose of this letter is to advise you that we have been retained by Mr. Wendell A. Jenifer to represent his interests with regard to injuries he sustained when he fell down the steps at your establishment on March 13, 1999.  Our investigation of the incident reveals that the steps your establishment were negligently maintained; and we, therefore, intend to pursue a claim against you to compensate Mr. Jenifer for his injuries. Please respond to this letter or turn it over to your insurance company and have them contact us regarding this incident.

      With kind regards, I am

           Sincerely yours,

           FLEMING, BLANCHARD, JACKSON
                & DURHAM, P. C.

           By:_____
                John Fleming

JF/jj

# EXHIBIT B

RICHMOND COUNTY, GA
CLERK, SUPERIOR COUR
FILED FOR RECORD

01 MAR -9 PM 1: 1

ELAINE C. JOHNSON
CLERK OF SUPERIOR COU

## IN THE SUPERIOR COURT FOR THE COUNTY OF

## RICHMOND, STATE OF GEORGIA

### CIVIL ACTION, FILE NO. ___2001 BCCV 204___

| | | |
|---|---|---|
| WENDELL J. JENIFER, | ) | |
| Plaintiff | ) | |
| vs. | ) | **C O M P L A I N T** |
| SUNSET INN, INC | ) | |
| Defendant. | ) | |

**NOW COMES WENDELL J. JENIFER**, Plaintiff, a citizen of this State, respectfully shows:

### (1)

The Defendant is a corporation organized under the laws the State of Georgia with a place of business in this County located at 3034 Washington Road, Augusta, Richmond County, Georgia.  Defendant may be served by serving its registered agent, George W. McDonald at 205 S. Johnson Street, Mt. Vernon, Montgomery County, Georgia  30445.

### (2)

The Defendant has injured and damaged Plaintiff by reason of the facts set forth in this pleading.

# EXHIBIT C

(3)

The Defendant owns and operates a motel in connection with this business, it owns and operates Sunset Inn-Augusta located at 3034 Washington Road, Augusta, Richmond County, Georgia.

(4)

The Defendant solicits patronage of the public for its business of renting rooms.

(5)

On the 13th day of March, 1998, Plaintiff was at Defendant's place of business for the purpose of renting a room from Defendant. Plaintiff was given a room located on the second floor of Defendant's business.

(6)

Plaintiff was on the premises as the invitee of Defendant.

(7)

At the time Plaintiff was at Defendant's place of business the steps to the second floor apartments were negligently maintained by Defendant in a dangerous condition in that they were painted with a substance that was slick causing Plaintiff to slip and fall down the stairs when he stepped on them.

(8)

The dangerous condition of the staircase was not known to Plaintiff and Plaintiff had no reason to suspect the staircase to be in such a dangerous condition.

(9)

The dangerous condition of the staircase was, however, known to Defendant, or could and should have been known to Defendant and Defendant should have exercised ordinary care for his safety.

(10)

While attempting to go down the staircase to the first floor of Defendant's place of business Plaintiff stepped on the stairs and slipped and fell down the said stairs sustaining injuries to his back, neck and leg causing him to suffer great pain of the body and mind, and to incur expenses for medical attention and lost wages.

(11)

The Defendant breached the duty it owed to Plaintiff by failing to warn Plaintiff of the dangerous condition of the staircase and by failing to exercise ordinary care in keeping the premises safe and clear.

(12)

As a result of the Defendant's negligence, Plaintiff was injured.

**WHEREFORE**, Plaintiff prays as follows:

(a)     That process issue directed to Defendant herein requiring it to answer this Complaint as provided by law;

(b)     That judgment issue against the Defendant in an amount to be determined by a jury;

(c)    That Plaintiff be awarded the costs of this litigation;

(d)    For such other and further relief as this Court deems just and proper.

FLEMING, BLANCHARD, JACKSON,
INGRAM & FLOYD, P.C.

BY: _____
WILLIAM M. FLEMING
Georgia Bar No:  263650

ATTORNEY FOR PLAINTIFF

461 Greene Street

Augusta, Georgia   30901

(706) 724-7511

IN THE SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA
CASE No.: 2001-RCCV-204

WENDELL J. JENIFER,                )
                                   )
        PLAINTIFF,                 )
                                   )
        V.                         )
                                   )
SUNSET INN, INC.,                  )
                                   )
        DEFENDANT,                 )
_____)

## O R D E R

The defendant, Sunset Inn, Inc., has brought on for hearing its Motion for Summary
Judgment. The Motion consists of two grounds, but because of the Court's ruling on the first
ground, the second ground is rendered moot.

The plaintiff alleges that on March 9, 1999, while an invitee at the defendant's motel, and
while attempting to descend a flight of stairs he slipped and fell. His deposition testimony indicates
the following relevant evidence.   He checked into the motel at approximately 4:00 p.m. on March
13, 1999. After checking in, he went to the room and then left to go to Millen, Georgia, to pick up
his girlfriend. He came back to the motel between 9:00 a.m. and 10:00 a.m., ascended the same
stairs to drop luggage off in the room, and was in the act of again negotiating the stairs when he
slipped and fell. He acknowledged that there was no problem in seeing the steps, that there were no
foreign objects on the steps, and they were clean and dry.

Georgia law provides that the liability of the owner to an invitee is based upon the superior
knowledge of the owner. In this case, the prior use of the stairs on multiple occasions by the plaintiff
is presumed to alert him to any defect in the steps even though the only surmise made by the plaintiff

# EXHIBIT D

is that the steps were too slick.  Absent such a showing of superior knowledge, the plaintiff cannot

recover.  Spann v. Calhoun County Hospital Authority, 208 Ga. App. 494; 430 S.E. 2d 828 (1993).

See also Denham v. YMCA, et.al., 231 Ga. App. 197; 499 S.E. 94 (1998).

The undisputed evidence in the case is that the plaintiff had, within minutes of the alleged

incident, ascended the steps that he was descending at the time of his fall.  Inasmuch as the

proprietor's liability is based upon superior knowledge, the plaintiff fails as a matter of law, having

traversed the alleged perilous condition within moments of his incident.  It must be said, as a matter

of law, that plaintiff cannot establish superior knowledge regarding the condition of the step at the

time and place in question, on the part of the defendant.

As a result, the defendant's Motion for Summary Judgment should be and hereby is granted.

This _18_ day of ___March___ 2003.

_____
HONORABLE J. CARLISLE OVERSTREET,
Judge, Superior Court, Richmond County, GA

LAW OFFICES

# FLEMING, JACKSON, INGRAM & FLOYD

A PROFESSIONAL CORPORATION
461 GREENE STREET
AUGUSTA, GEORGIA 30901

March 31, 2003

JOHN FLEMING
M. KAY JACKSON
RICHARD A. INGRAM, JR.
MAUREEN O. FLOYD (S.C. ALSO)
BRENDAN N. FLEMING

AREA CODE 706
PHONE 724-7511
FAX 722-5354

Wendell A. Jenifer
305 Edgewood Drive
N. Augusta, SC 29841

RE:   Wendell A. Jenifer vs. Sunset Inn, Inc.
      Civil Action File Number 2001-RCCV-204

Dear Mr. Jenifer:

Enclosed herewith is an Order executed on March 18, 2003 by the Honorable J. Carlisle Overstreet. The content of this Order basically discussed the facts of your accident and upon applying case law argued by William M. Fleming and Mr. Richard R. Mehrhof, Jr., the Court dismissed your case. Also attached is a print out of the process of your case, which we downloaded from the Clerk's Office. It does appear Mr. William M. Fleming filed a Motion in opposition to the Defendant's Motion for Summary Judgment and competently argued the same.

This disposition means that your claim is over. You have thirty (30) days from the date of filing of the Order to file a Motion of Appeal. Our firm, pursuant to the contingency fee contract, ends our relationship at this point. Specifically, the contract says that the firm handles your case through disposition and does not include any motion for new trial or appeal. This means that you must retain a law practice, at your expense, to appeal the matter.

I contacted the State Bar of Georgia and asked what I should convey to you in this letter. They stated that what I already stated is all of the obligation I owe to you. We are not abandoning your case or any attempt to appeal it. We are simply following our express agreement, which you entered into with our practice. As far as an appeal, even if you did decide to pay us to handle the process, the State Bar of Georgia believes that our firm would have a conflict of interest because you might wish to raise issues with William M. Fleming's handling of your claim.

As a result of the aforementioned, I am hereby directing that you appear at William M. Fleming's office immediately and gain access to your physical file so you may discuss the appeal of your case with another lawyer before your time lapses for filing a Notice of Appeal.

With kind regards,   I remain

                     Sincerely,

                     FLEMING, JACKSON, INGRAM & FLOYD, P.C.


                     Richard A. Ingram, Jr.

RAI/bp
Enclosure

# EXHIBIT E

LAW OFFICES
## *lgood, Childs & Mehrhof, P. C.*
A PROFESSIONAL CORPORATION
*615 Telfair Building*
*Post Office Box 1523*
*Augusta, Georgia 30903*

THOMAS F. ALLGOOD, JR. (GA., S.C.)
E-mail:
tomallgood@augustalawyers.com
RICHARD R. MEHRHOF, JR. (GA., S.C.)
E-mail:
ripmehrhof@augustalawyers.com
T. ALLEN CHILDS, JR. (Retired)

THOMAS F. ALLGOOD, SR. (1923-2000)

Telephone: (706) 724-6526
Telecopier: (706) 724-0043

*Website: http://www.augustalawyers.com*

IN S.C. CALL (803) 591-6531

March 19, 2003

William M. Fleming, Esq.
Attorney at Law
440 Greene Street
Augusta, Georgia 30901

Re:   Wendell J. Jenifer v. Sunset Inn, Inc.
      Case No.: 2001-RCCV-204

Dear Bill:

Enclosed is a copy of the Order granting summary judgment in reference to the above-captioned matter.

Sincerely,

ALLGOOD, CHILDS & MEHRHOF, P.C.

Richard R. Mehrhof, Jr.

RRM,Jr/jb
Enclosures

BC:   Richard A. Ingram, Jr., Esq.

IN THE SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA
CASE No.: 2001-RCCV-204

WENDELL J. JENIFER,               )
                                  )
    PLAINTIFF,                    )
                                  )
    V.                            )
                                  )
SUNSET INN, INC.,                 )
                                  )
    DEFENDANT,                    )
_____)

## O R D E R

The defendant, Sunset Inn, Inc., has brought on for hearing its Motion for Summary Judgment. The Motion consists of two grounds, but because of the Court's ruling on the first ground, the second ground is rendered moot.

The plaintiff alleges that on March 9, 1999, while an invitee at the defendant's motel, and while attempting to descend a flight of stairs he slipped and fell. His deposition testimony indicates the following relevant evidence. He checked into the motel at approximately 4:00 p.m. on March 13, 1999. After checking in, he went to the room and then left to go to Millen, Georgia, to pick up his girlfriend. He came back to the motel between 9:00 a.m. and 10:00 a.m., ascended the same stairs to drop luggage off in the room, and was in the act of again negotiating the stairs when he slipped and fell. He acknowledged that there was no problem in seeing the steps, that there were no foreign objects on the steps, and they were clean and dry.

Georgia law provides that the liability of the owner to an invitee is based upon the superior knowledge of the owner. In this case, the prior use of the stairs on multiple occasions by the plaintiff is presumed to alert him to any defect in the steps even though the only surmise made by the plaintiff

is that the steps were too slick.  Absent such a showing of superior knowledge, the plaintiff cannot

recover.  Spann v. Calhoun County Hospital Authority, 208 Ga. App. 494; 430 S.E. 2d 828 (1993).

See also Denham v. YMCA, et.al., 231 Ga. App. 197; 499 S.E. 94 (1998).

The undisputed evidence in the case is that the plaintiff had, within minutes of the alleged

incident, ascended the steps that he was descending at the time of his fall.  Inasmuch as the

proprietor's liability is based upon superior knowledge, the plaintiff fails as a matter of law, having

traversed the alleged perilous condition within moments of his incident.  It must be said, as a matter

of law, that plaintiff cannot establish superior knowledge regarding the condition of the step at the

time and place in question, on the part of the defendant.

As a result, the defendant's Motion for Summary Judgment should be and hereby is granted.

This _18_ day of _March_ 2003.

HONORABLE J. CARLISLE OVERSTREET,
Judge, Superior Court, Richmond County, GA

## CERTIFICATE OF SERVICE

This is to certify that I have served counsel of record in this matter with a conformed copy

of the within and foregoing **"Order"** by depositing same in the United States Mail in an envelope

with adequate postage attached thereon to the following:

> William M. Fleming, Esq.
> Attorney at Law
> 440 Greene Street
> Augusta, Georgia 30901

This _19th_ day of _March_, 2003.

RICHARD R. MEHRHOF, JR.,
Attorney for Defendant.

ALLGOOD, CHILDS & MEHRHOF, P.C.
P. O. Box 1523
Augusta, GA 30903
Phone:      (706)724-6526
Fax:        (706)724-0043

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| WENDELL A. JENIFER | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | CIVIL ACTION NO. _____ |
| | ) | |
| FLEMING, INGRAM & FLOYD, P.C., | ) | |
| f/k/a FLEMING, BLANCHARD, | ) | |
| JACKSON & DURHAM, P.C., | ) | |
| JOHN FLEMING, and | ) | |
| WILLIAM M. FLEMING, | ) | |
| | ) | |
| **Defendants.** | ) | |

### AFFIDAVIT OF FRANK J. BELTRAN

After being duly sworn, FRANK J. BELTRAN states and deposes as follows:

1.

My name is FRANK J. BELTRAN. I am over the age of 21 years, suffer from no mental disability, and am competent to make this affidavit. All of the statements I make herein are based upon my personal knowledge.

2.

I make this affidavit pursuant to the requirements of O.C.G.A. §9-11-9.1.

3.

I am an active member, in good standing, of the State Bar of Georgia. I received my JD degree *cum laude* from Mercer University Law School and have engaged in the active practice of law in the State of Georgia continuously from 1976 through the date of this affidavit. My practice has consisted primarily of civil litigation, and has included substantial numbers of cases in areas involving legal and other professional malpractice. As an active member of the State Bar of Georgia

# EXHIBIT F

and a practicing attorney for more than 30 years, I am familiar with the standard of care, skill, prudence and diligence commonly possessed and exercised by attorneys in the legal profession generally in the State of Georgia. The opinions set forth herein are based upon my experience, knowledge, education and training.

4.

I have been asked by David W. Davenport and Keith A. Pittman of Lamar, Archer & Cofrin, LLP, attorneys for Wendell A. Jenifer, to review facts and circumstances in this controversy, and to render my opinion thereon regarding any possible acts or omissions constituting malpractice committed by predecessors to Fleming, Ingram & Floyd, P.C., including, without limitation, Fleming, Blanchard, Jackson & Durham, P.C.; Fleming, Blanchard & Jackson, P.C.; Fleming, Blanchard, Jackson, Ingram & Floyd, P.C.; and Fleming, Jackson, Ingram & Floyd, P.C. (hereinafter, collectively the "Fleming Firm") and by attorneys John Fleming and William M. Fleming (hereinafter "Bill Fleming").

5.

I have, *inter alia,* reviewed a copy of Mr. Jenifer's Complaint against the Fleming Firm, John Fleming and Bill Fleming, and pleading and correspondence files provided me by counsel for Mr. Jenifer concerning Mr. Jenifer's claims.

6.

In rendering my opinions herein, I have assumed that the factual allegations in the Complaint are true and that the following statement of facts is true:

(a) The law firm of Fleming, Blanchard, Jackson & Durham, P.C., existed as a professional corporation during the year 1999. At some point it changed its name to Fleming, Blanchard &

2

Jackson, P.C., which firm then changed its name to Fleming, Blanchard, Jackson, Ingram & Floyd, P.C., no later than during the year 2000.  Fleming, Blanchard, Jackson, Ingram & Floyd, P.C., then changed its name to Fleming, Jackson, Ingram & Floyd, P.C., no later than during the year 2002. Hereinafter, at times, all of these entities shall be referred to collectively as the "Fleming Firm";

(b)     The Fleming Firm and John Fleming represented Wendell A, Jenifer on a continuous basis from March 1999 through March 2003;

(c)     At all times material hereto, John Fleming was a shareholder in the Fleming Firm and was acting within the scope of his employment as a member and an attorney of the Fleming Firm;

(d)     At all times material hereto, Bill Fleming was an associate in the Fleming Firm and was acting within the scope of his employment as an attorney of the Fleming Firm, and/or was otherwise acting as an attorney representing Wendell A. Jenifer pursuant to and in conjunction with John Fleming and the Fleming Firm's representation of Mr. Jenifer;

(e)     John Fleming and the Fleming Firm agreed to represent Mr. Jenifer with regard to injuries he sustained when he fell down the steps at the Sunset Inn - Augusta, located at 3034 Washington Road, Augusta, Richmond County, Georgia (hereinafter the "Sunset Inn"), on or about March 13, 1999;

(f)     Following Mr. Jenifer's retention of John Fleming and the Fleming Firm, John Fleming represented that the Fleming Firm's investigation of the events of March 13, 1999 showed that the Sunset Inn's steps were negligently maintained and that the Fleming Firm would pursue a claim for Mr. Jenifer to obtain compensation for his injuries;

(g)     During the course of Mr. Jenifer's representation by John Fleming and the Fleming Firm, Bill Fleming became an associate of the Fleming Firm and was given primary responsibility

3

for the Fleming Firm's representation of Mr. Jenifer;

(h)     On or about March 9, 2001, Bill Fleming and the Fleming Firm filed suit on behalf of Mr. Jenifer for the injuries he suffered in the March 13, 1999 slip and fall in *Wendell J. Jenifer v. Sunset Inn, Inc.*, Richmond County Superior Court, Georgia, C.A. No. 2001-RCCV-204 (hereinafter the "Lawsuit");

(i)     On or about March 27, 2001, Sunset Inn, Inc. answered the Complaint in the Lawsuit and denied that it was the owner and operator of the Sunset Inn at which Mr. Jenifer had been injured;

(j)     On or about July 12, 2001, Mr. Jenifer testified by deposition taken for the Lawsuit that he did not go to his second story room at the Sunset Inn immediately upon checking into the hotel, but rather that he had only ascended the steps to his room one time before he began descending the steps and slipped and fell, injuring himself as a result of the slip-and-fall.

(k)     On or about July 12, 2001, Bill Fleming and the Fleming Firm served counsel for defendant in the Lawsuit with an Amendment to the Complaint;

(l)     On or about July 13, 2001, Sunset Inn, Inc. answered the Amendment and asserted in its Answer to Plaintiff's Amendment the affirmative defense that "The Defendant Sunset Inn, Inc. has no ownership or operational interest whatsoever in the Sunset Inn Hotel located on Washington Road in Augusta, Georgia, and had no ownership interest or operational interest in the same on March 1999";

(m)     Unbeknownst to Mr. Jenifer, in the Summer of 2002 Bill Fleming was asked to leave the Fleming Firm, and in September of 2002 he left the Fleming Firm because of his failure to provide adequate representation for clients of the Fleming Firm;

4

(n)     John Fleming and the Fleming Firm informed Mr. Jenifer in the Fall of 2002 that Bill Fleming would continue to represent Mr. Jenifer in the Lawsuit even though Bill Fleming would no longer be a member of the Fleming Firm.  The Fleming Firm did not withdraw from the case, nor advise Mr. Jenifer that it was going to withdraw;

(o)     On or about October 16, 2002, Sunset Inn, Inc. moved for summary judgment in the Lawsuit on the grounds that it did not own or operate the Sunset Inn at which Mr. Jenifer fell;

(p)     On or about November 15, 2002, Bill Fleming, on behalf of Mr. Jenifer, moved for leave of court to amend the pleadings to substitute another party for the named defendant in the Lawsuit or to add the other party as a third party defendant, and submitted Mr. Jenifer's Brief in Opposition to Defendant's Motion for Summary Judgment;

(q)     On or about December 6, 2002, Sunset Inn, Inc. submitted its Supplemental Brief in the Lawsuit, asserting as an additional ground for summary judgment that Mr. Jenifer could not demonstrate superior knowledge of the owner of the Sunset Inn with respect to the condition of the steps that caused Mr. Jenifer's slip and fall;

(r)     The Fleming Firm, John Fleming and Bill Fleming failed to file a response brief in opposition or any evidence to rebut the Amendment to Defendant's Motion for Summary Judgment despite the existence of issues of fact and law that should have prevented the grant of summary judgment on the merits of the case;

(s)     On or about March 18, 2003, the Court entered an Order in the Lawsuit granting Sunset Inn, Inc.'s motion for summary judgment, providing, in pertinent part, that "[a]fter checking in, [Mr. Jenifer] went to the room and then left"; "the prior use of the stairs on multiple occasions by [Mr. Jenifer] is presumed to alert him to any defect in the steps;" and "[i]t must be said, as a

matter of law, that plaintiff cannot establish superior knowledge regarding the condition of the step at the time and place in question, on the part of the defendant"; and

      (t)    On or about March 31, 2003, the Fleming Firm provided Mr. Jenifer a notice of termination regarding its representation of him and thereby abandoned their representation of Mr. Jenifer.

7.

      Based on the foregoing assumed facts, and as a result of my education, training and experience, applied to a review of these matters, it is my opinion that the Fleming Firm, John Fleming and Bill Fleming failed to exercise that degree of care, prudence and diligence as lawyers of ordinary skill and capacity commonly possesses and exercise under the same or similar circumstances in several ways including but not necessarily limited to the following:

      (a)    John Fleming and the Fleming Firm failed to oversee and supervise properly the work of their associate and co-counsel, Bill Fleming;

      (b)    The Fleming Firm, John Fleming and Bill Fleming failed to investigate properly the factual basis for Mr. Jenifer's claims, including, without limitation, by failing to obtain discovery from the Sunset Inn;

      (c)    John Fleming and the Fleming Firm failed to identify and disclose to Mr. Jenifer Bill Fleming's failure to provide adequate representation for other clients of the Fleming Firm;

      (d)    John Fleming and the Fleming Firm directed that Bill Fleming would continue to represent Mr. Jenifer in the Lawsuit after Bill Fleming left the Fleming Firm despite knowing that Bill Fleming had failed to provide adequate representation for other clients of the Fleming Firm;

      (e)    The Fleming Firm, John Fleming and Bill Fleming failed to file a response brief in

6

opposition or any evidence to rebut the Sunset Inn, Inc.'s Amendment to Defendant's Motion for Summary Judgment;

(f)     The Fleming Firm, John Fleming and Bill Fleming failed to object or otherwise respond properly to the March 18, 2003 Order granting summary judgment against Mr. Jenifer's claims in the lawsuit;

(g)     The Fleming Firm, John Fleming and Bill Fleming failed to properly advise Mr. Jenifer properly regarding the March 18, 2003 Order;

(h)     The Fleming Firm, John Fleming and Bill Fleming abandoned their representation of Mr. Jenifer; and

(i)     The Fleming Firm, John Fleming and Bill Fleming otherwise acted or failed to act in such a manner as to fail to prosecute Mr. Jenifer's claims properly in the Lawsuit.

FURTHER AFFIANT SAYETH NOT.

FRANK J. BELTRAN

SWORN TO AND SUBSCRIBED
before me this _7th_ day of
_September_____, 2006.

_Deborah S. Biggs_
Notary Public

My Commission Expires:
April 4, 2009

7