IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WENDELL A. JENIFER, § § Plaintiff, § § vs. § § FLEMING INGRAM & FLOYD, P.C., § f/k/a FLEMING BLANCHARD JACKSON § & DURHAM, P.C.; JOHN FLEMING and § WILLIAM M. FLEMING, § § Defendants § § | CIVIL ACTION NO: 106-139 |

## PLAINTIFF'S MOTION AND BRIEF IN LIMINE TO EXCLUDE ANY EVIDENCE OF PLAINTIFF'S PRIOR LITIGATION AS IRRELEVANT AND PREJUDICIAL

NOW COMES WENDELL A. JENIFER, Plaintiff in the above-styled case, and, pursuant to Fed. R. Evid. 103(c) and Fed. R. Civ. P. 16, files the foregoing Plaintiff's Motion and Brief in Limine to Exclude any Evidence of Plaintiff's Prior Litigation as Irrelevant and Prejudicial regarding prior litigation experiences, including: (1) the police brutality litigation engaged in 1986 in Prince Georges County, Maryland; (2) a worker's compensation claim in the 1980'x involving a fall on his sternum; (3) a car wreck case in the 1980's that may or may not have involved personal injuries; and (4) evidence of any other litigation engaged in by Jenifer prior to his fall on March 13, 1999. Defendants use of this litigation to impugn JENIFER's character as either stubbornly litigious, or to imply that he was somehow at fault for his wrongful arrest, would be improper and unduly prejudicial.

The Federal Rules of Evidence limit the introduction of any evidence that does not have a tendency to make the existence of a fact of consequence to the determination of the instant action more or less probable. Fed.R.Evid. 401. Any such evidence is considered irrelevant, and thus, inadmissible. Fed.R.Evid. 402. Finally, even if the evidence is found to be relevant for the purposes offered, it may nonetheless be excluded by a court if its probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. While Jenifer did incur a lumbar strain as a result of the attack for which he sued (some 13 years before his fall), and hurt his sternum in a fall back in the 1990's, the probative value of testimony on prior litigation is substantially outweighed by the danger of prejudicing the jury. For example, it has been concluded that "if the evidence is merely that the plaintiff is a chronic litigant, . . . the courts consider the slight probative value overborne by the countervailing factors. This evidence they usually exclude." McCormick, Evidence §196, 831-832 (1995). This same argument has received favorable treatment in other jurisdictions. For example, in Raysor v. Port Authority of N.Y. and N.J., et.al., 768 F.2d 34,40 (2nd Cir. 1985), the introduction of a plaintiff's prior litigiousness was considered and subsequently excluded by the Court. In reaching its decision, the

To the extent that his injury is used by Defendants to mitigate proof of JENIFER's physical damages, any such proof should be strictly limited to the nature of the injury, and not the surrounding circumstances of that injury.

WHEREFORE, WENDELL A. JENIFER, prays that the Plaintiff's Motion and Brief in Limine to Exclude any Evidence of Plaintiff's Prior Litigation as Irrelevant and Prejudicial Plaintiff's Motion and Brief in Limine to Exclude any Evidence of Plaintiff's Prior Litigation as Irrelevant and Prejudicial be granted.

THIS __19th__ day of JULY, 2007.

                         _M. Brice Ladson_
                         M. BRICE LADSON, Esquire
                         Ga. Bar No. 431071

                         ATTORNEYS FOR PLAINTIFF

M. Brice Ladson, P.C.
3 Executive Court
10385 Ford Avenue
Post Office Box 2819
Richmond Hill, GA 31324
912/459-1118

Keith Pittman, Esquire
Lamar Archer & Cofrin, LLP
50 Hurt Plaza, Suite 900
Atlanta, Georgia 30303
(404)577-1777

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| WENDELL A. JENIFER<br>    **Plaintiff,**<br><br>vs.<br><br>FLEMING INGRAM & FLOYD, P.C., f/k/a FLEMING BLANCHARD JACKSON & DURHAM, P.C.; JOHN FLEMING, and WILLIAM M. FLEMING,<br>    **Defendants.** | }<br>}<br>}<br>}<br>}<br>} Civil Action Number: 106-139<br>}<br>}<br>}<br>}<br>}<br>} |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing PLAINTIFF'S MOTION AND BRIEF IN LIMINE TO EXCLUDE ANY EVIDENCE OF PLAINTIFF'S PRIOR LITIGATION AS IRRELEVANT AND PREJUDICIAL upon counsel for all parties by causing same to be placed in the U.S. Mail in an envelope with sufficient postage thereon addressed as follows:

**John B. Long, Esquire**
**Tucker Everitt Long Brewton & Lanier**
Post Office Box 2426
Augusta, Georgia  30903-2426

Larry I. Smith, Esquire
Thompson & Smith, P.C.
2909-A Professional Pkwy.
Augusta, Georgia 30907


THIS  19th  day of JULY, 2007.

M. BRICE LADSON
Ga. Bar No. 431071

**ATTORNEYS FOR PLAINTIFF**

M. Brice Ladson, P.C.
3 Executive Court
10385 Ford Avenue
Post Office Box 2819
Richmond Hill, GA 31324
(912) 459-1118

Keith Pittman, Esquire
Lamar Archer & Cofrin, LLP
50 Hurt Plaza, Suite 900
Atlanta, Georgia 30303
(404)577-1777