FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 MAR -7 PM 4:24
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WENDELL A. JENIFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-139 |
| | ) | |
| FLEMING, INGRAM & FLOYD, P.C., | ) | |
| f/k/a FLEMING, BLANCHARD, | ) | |
| JACKSON & DURHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The above-captioned case is scheduled for jury selection before the Honorable Lisa Godbey Wood, United States District Judge, on April 15, 2008. By Orders dated October 19, 2007, and January 29, 2008, the parties were directed to engage in good faith efforts to resolve motions in limine and objections to exhibits and deposition testimony and to advise the Court in a joint brief as to remaining objections. (Doc. nos. 149, 158). The parties were further advised that any disputes not identified in the joint brief would be presumed to have been resolved and dismissed as moot.[1] The parties submitted a final joint brief (doc. no.

---

[1] Accordingly, all objections previously raised but not included in the joint brief are **DISMISSED** as **MOOT**. Likewise, the parties were advised that this Court would only be addressing contested motions in limine and exhibits that were originally identified in accordance with Judge Wood's case management practices, i.e., the Order(s) requiring the parties to file a joint brief did "not provide authorization for the parties to raise additional issues after the pre-trial conference" that were not properly identified in accordance with Judge Wood's instructions. (Doc. no. 149, p. 6 n.1). Therefore, as noted below, belated objections may be deemed waived.

160), and on February 28, 2008, the Court held a hearing on the motions in limine and objections to exhibits.[2] Pursuant to that hearing, the Court's rulings on the exhibits identified in the joint brief are as follows.[3]

I. **Background**

As explained from the Bench at the February 28th hearing, the Court has determined that much, but not all, of the information concerning Defendants' insurance coverage and individual acts of malpractice other than those alleged to have occurred in Plaintiff's case are admissible. Under Fed. R. Evid. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absent of mistake or accident...." Fed. R. Evid. 404(b). In the Eleventh Circuit, admissibility of Rule 404(b) evidence is governed by a three-part test:

---

[2] The parties submitted paper copies of the disputed exhibits and CDs of the exhibits. During the phone conference held by the Court on February 12, 2008, the Court granted the parties permission to submit the exhibits without redaction of personal identification information because the paper copies were for the use of the Court only and were not to be filed into the record. However, the Court did state that for the sake of preserving the record for appeal, it would consider filing the CDs of the exhibits under seal. Accordingly, contemporaneous with the filing of this Order, the Court is delivering to the Clerk of Court four (4) CDs containing the exhibits upon which the Court is ruling in this Order, and the Clerk is **DIRECTED** to file these CDs under seal in this case. Upon entry of judgment in this case, the parties may contact the Court's courtroom deputy clerk to retrieve the paper copies of the disputed exhibits. If the paper copies are not retrieved within ten (10) days after the entry of judgment, the Clerk of Court is **DIRECTED** to shred the papers copies.

[3] The motions in limine are addressed by separate order.

2

> First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

United States v. Lampley, 68 F.3d 1296, 1299 (11th Cir. 1995) (citations omitted).

Here, based on the theory of the case advanced by Plaintiff and evidence found by Judge Wood in her Order denying Defendants' motions for summary judgment (doc. no. 157), a plausible interpretation of evidence is that in early 2002, Fleming, Ingram & Floyd, P.C. ("the Firm") found itself in the middle of a firestorm when one of its members started reviewing files, cataloguing potential malpractice claims, and reporting them to the Firm's insurance carrier. If Plaintiff's interpretation of the evidence is to be believed, one could reasonably conclude that when the Firm realized that the alleged malpractice in Plaintiff's underlying slip and fall case was not covered by its malpractice insurance, an effort was undertaken to get Plaintiff's case dismissed on the merits in Superior Court, rather than to allow dismissal on grounds that could serve as a basis for a malpractice claim.

Against this backdrop, the evidence concerning insurance coverage is admissible to show, again if the Plaintiff's theory is to be believed, that the Firm was aware of the alleged malpractice and was trying to obtain insurance coverage. Indeed, the member of the Firm responsible for reviewing the files was freely admitting which attorneys were involved with the cases and what had gone wrong. However, when it was discovered that there was no coverage for Plaintiff's case, tactics changed, and as noted above, efforts were made to try to get the case dismissed on the merits. Thus, the insurance coverage evidence is admissible,

3

up until the time Plaintiff's underlying case was disposed of on summary judgment, to show motive for why Defendants acted as they did with respect to Plaintiff's underlying case and to show knowledge of a problem within the Firm of how cases were being handled.

Similarly, most of the individual acts of malpractice committed by John Fleming and William Fleming are also admissible on the issue of motive and knowledge. The multiple acts of malpractice are probative of why the Firm lost its insurance coverage and had to re-tool its insurance application without coverage for John and William Fleming. This shows a motive for why the Firm would allegedly turn on Plaintiff and work to get his case dismissed on the merits, as well as explain why Plaintiff's file was passed to William Fleming as he separated from the Firm. The acts of malpractice are also probative on the issue of the lack of supervision of William Fleming. This shows knowledge in that the Firm knew it had a problem, knew who the responsible attorneys were, and knew in particular that there was a problem with the supervision (or lack thereof) of William Fleming.

Having said that, some of the individual acts of malpractice offered by Plaintiff are too far removed from the malpractice alleged in Plaintiff's case and must be excluded as irrelevant and/or unduly prejudicial. As noted at the February 28th hearing, Plaintiff is directed to remove from the exhibits all references to the acts of malpractice alleged with respect to Columbia County Board of Education and the single alleged act of malpractice against former Firm member James Blanchard.

Finally, before turning to the rulings on the individual exhibits,[4] the Court notes that in several instances, the same documents appear in multiple exhibits. The Court questioned counsel on the economy of repeatedly offering the same document that has simply been tagged with multiple exhibit numbers. Counsel explained that in some instances, for example, documents are repeated because one has a signature, and one does not.[5] However, counsel assured the Court that prior to trial, any true duplicates would be withdrawn.

## II. Plaintiff's Objections to Defendants' Exhibits

**Exhibit 17**     Overruled.

**Exhibit 21**     Sustained. Irrelevant, and under Rule 403, unduly prejudicial.

As explained from the Bench at the February 28th hearing, this Court concludes that Mr. Mehrhof's opinion as to the relative strengths and weaknesses of Plaintiff's underlying slip and fall case is irrelevant. That determination properly belongs to the jury in this federal case.

Defendants want to offer Mr. Mehrhof's testimony, as well as documents from his file, see Exhibits 29 and 45 and the letter in Exhibit 21, for the purpose of "show[ing] the conduct of Mr. Mehrhof and his investigation into [Plaintiff's] alleged injuries." (Doc. no. 160, p. 34). According to Defendants, this evidence is admissible to show how Mr. Mehrhof, counsel for the defendant in the underlying slip and fall litigation, defended the case and

---

[4]The Court's introductory comments should not be construed as ruling on the admissibility of broad categories of documents. The Court's rulings are specifically delineated below as to each particular contested exhibit.

[5]Plaintiff's counsel's explanation for some of the duplicates, along with the pledge to remove true duplicates prior to trial, can be heard on the "For the Record" recording of the hearing beginning at time stamp 12:57.50 p.m.

5

reached the conclusion that Plaintiff did not have a viable claim. (Id. at 8). They also state, "These documents relate to Mehrhof's credibility, not the underlying issue of whether or not the defendants breached a duty of care only to the plaintiff that arose to the level of negligence and whether or not that breach of care was in fact the proximate cause of Judge Overstreet's ruling against the defendant." (Id.).

However, at the February 28th hearing, Defendants offered a different theory of admissibility and argued that Mr. Mehrhof's opinion goes to the proximate cause, otherwise known as the "but for," element of Plaintiff's claim in this federal case. For the Record ("FTR") 10:37:12 a.m. - 10:37:27 a.m. Defendants argued at the hearing that the opinion tends to show that the attorney negligence alleged in this federal case did not result in a different outcome to the underlying slip and fall case because Plaintiff did not have, in Mr. Mehrhof's opinion, a viable claim in the first place. FTR, 10:37:05 a.m. - 10:40:16 a.m.

In denying the motions for summary judgment Judge Wood already ruled that the question of the merits of Plaintiff's slip and fall case belongs to the jury when she acknowledged, but rejected, Defendants' argument that Plaintiff would not have prevailed on the merits regardless of what Defendants did on Plaintiff's behalf. (Doc. no. 157, p. 16). Moreover, as Judge Wood pointed out, Defendants' argument on the issue of proximate cause ignores "Plaintiff's fundamental contention that Defendants' failure to investigate the case caused them to develop key factual misimpressions." (Id.). Therefore, what Mr. Mehrhof thought of Plaintiff's case when he received the file and collected select, uncertified medical records has no bearing on what the facts of the case might have ultimately borne out, had Defendants investigated the case. Whether Plaintiff - in Mr. Mehrhof's subjective

opinion based on pieces of information that he cherry-picked from a set of records for which he set the parameters - may have been a malingerer in the past is not relevant to whether the facts of the event that occurred at the Sunset Inn when Plaintiff went up and down a set of stairs on a specific date could make a valid claim.[6] Indeed, Plaintiff argues in this case that Mr. Mehrhof misstated facts about Plaintiff's testimony concerning what occurred at the Sunset Inn. Moreover, Plaintiff contends that Defendants did nothing to investigate and/or collect information on his claim such that the information could have been used to refute whatever the opposition's position may have been.

Defendants are certainly free to use <u>admissible</u> evidence to make their argument that Plaintiff was a malingerer and had no underlying claim. However, the Federal Rules of Evidence do not allow a party to boot-strap inadmissible evidence into a case under the guise of an irrelevant opinion. Exhibit 21, a letter from Mr. Mehrhof to his client, suggesting without any documentation, let alone documentation admissible under the Federal Rules of Evidence, that Plaintiff had neck and back problems prior to the event at Sunset Inn is hearsay, unfairly prejudicial under Rule 403, and irrelevant in this case. Accordingly, the objection to this exhibit is sustained.

---

[6]At the February 28th hearing, in describing the records that Mr. Mehrhof reviewed, defense counsel stated, "He got what he could get to help evaluate the file." FTR, 10:39:25 a.m. - 10:39:40 a.m. There is nothing in the record to evaluate whether the information that Mr. Mehrhof "could get" was accurate and/ or portrayed a complete picture of Plaintiff or his slip and fall claim. Therein lies the problem of admitting Mr. Mehrhof's opinion on the strength or weakness of Plaintiff's slip and fall case because there is no accurate basis for evaluating the validity of the information upon which Mr. Mehrhof based his opinion, let alone that the opinion was based on all of the available information relevant to the particular event that occurred at the Sunset Inn.

7

**Exhibit 29**    Sustained. Inadmissible under Fed. R. Evid. 1006 and unduly prejudicial under Rule 403.

This exhibit is a "Medical Records Summary" from Mr. Mehrhof's files. Defendants assert that because this chart is offered as a basis for Mr. Mehrhof's legal opinion that Plaintiff did not have a viable slip and fall claim and not for the truth of the matters asserted concerning Plaintiff's medical history, this chart is not subject to the requirement of Fed. R. Evid. 1006. The Court disagrees.

First, as described in detail above, Mr. Mehrhof's opinion on the viability of Plaintiff's underlying claim is not relevant to this case because the viability issue is a determination to be made by the jury. Second, it is well-settled that "Rule 1006 is not a back-door vehicle for the introduction of evidence which is otherwise inadmissible." Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1160 (11th Cir. 2004) (citations omitted). Defendants have not produced certified copies of the medical records upon which Mr. Mehrhof's summary is based, and therefore, the chart is not admissible.[7] Id. at 1161 ("[I]nadmissible documents are not made admissible by being summarized."). Accordingly, the objection to this exhibit is sustained.

**Exhibit 36**    Sustained. Hearsay.

**Exhibit 40**    Overruled, assuming proper authentication at trial.

**Exhibit 41**    Overruled, assuming proper authentication at trial. Objection goes to weight of evidence, not admissibility.

---

[7]Even if Defendants had produced admissible medical records, the chart contains inadmissible hearsay in the form of opinions that were not necessary for making a medical diagnosis. For example, the second entry on the chart states that Plaintiff had an "altercation w/police." Ex. 29, p. 1. Such unsolicited opinions are also unduly prejudicial under Rule 403.

| | |
|---|---|
| **Exhibit 44** | Sustained. For the reasons explained in Exhibit 21 concerning Mr. Mehrhof's opinion, Mr. Warlick's opinion on the strength or weakness of Plaintiff's underlying slip and fall claim that was formed on the basis of reviewing Mr. Mehrhof's file is irrelevant. |
| **Exhibit 45** | Sustained. For the reasons explained in Exhibit 21, Mr. Mehrhof's opinion on the strength or weakness of Plaintiff's underlying slip and fall claim, and the basis upon which he reached this conclusion as memorialized in Exhibit 45, is irrelevant. |
| **Exhibit 48**[8] | Overruled. Tax returns may be relevant to Plaintiff's claims of lost income, but as explained in detail in the simultaneously filed order concerning motions in limine, cross examination as to inaccuracies in the tax returns will not be permitted. |

### III. Defendants' Objections to Plaintiff's Exhibits

| | |
|---|---|
| **Exhibit 11** | Sustained.[9] |
| **Exhibit 17** | Overruled. |
| **Exhibit 32** | Overruled. |
| **Exhibit 33** | Overruled. |
| **Exhibit 34** | Overruled. Explains the haste involved in filing Plaintiff's underlying suit and is probative of an explanation as to why the wrong party was named and as to a lack of supervision at the Firm. |

---

[8]In the joint brief, documents from tax preparers were not identified by number, but in the contested exhibits submitted to the Court, tax documents were delineated as Exhibit 48.

[9]Plaintiff's counsel agreed at the February 28th hearing that insurance documents after May of 2003 need not be admitted and will be withdrawn. FTR, 10:16:19 a.m. - 10:17:30 a.m.; 12:16:08 p.m. - 12:17:31 p.m. At the hearing, the Court originally announced that the objection to this exhibit was overruled, but upon reflection and comparison to Exhibit 144, the objection is sustained.

| | |
|---|---|
| **Exhibit 35** | Overruled. |
| **Exhibit 36** | Overruled. |
| **Exhibit 37** | Overruled. |
| **Exhibit 38** | Overruled. |
| **Exhibit 39** | Overruled. |
| **Exhibit 40** | Overruled. Relevant as to statute of limitations claims delineated in Exhibit 41 as to John and William Fleming. |
| **Exhibit 41** | Overruled. Relevant as to statute of limitations claims concerning John and William Fleming. |
| **Exhibit 42** | Overruled. |
| **Exhibit 43** | Overruled. Insurance application blames prior claims on John and William Fleming. |
| **Exhibit 44** | Overruled. |
| **Exhibit 45** | Overruled. As explained in the Background, supra, this evidence offers a motive for Defendants' actions with respect to the handling of Plaintiff's underlying slip and fall case. |
| **Exhibit 46** | Overruled. Admissible on issues of motive and knowledge. |
| **Exhibit 47** | Overruled. Admissible on issues of motive and knowledge. |
| **Exhibit 48** | Overruled. Admissible on issues of motive and knowledge. |
| **Exhibit 49** | Overruled. |
| **Exhibit 50** | Overruled. |
| **Exhibit 51** | Overruled. Admissible on issues of motive and knowledge. |
| **Exhibit 52** | Overruled. Admissible on issues of motive and knowledge. |
| **Exhibit 53** | Waived. See note 1 regarding compliance with Judge Wood's case management practices. |

| | |
|---|---|
| **Exhibit 54** | Waived. See note 1 regarding compliance with Judge Wood's case management practices. |
| **Exhibit 55** | Waived. See note 1 regarding compliance with Judge Wood's case management practices. |
| **Exhibit 56** | Waived. See note 1 regarding compliance with Judge Wood's case management practices. |
| **Exhibit 57** | Overruled. Admissible on issue of motive. |
| **Exhibit 58** | Overruled. Admissible on issue of motive. |
| **Exhibit 59** | Overruled. Admissible on issue of motive. |
| **Exhibit 60** | Sustained. |
| **Exhibit 61** | Overruled. Admissible on issue of motive. |
| **Exhibit 62** | Overruled. Admissible on issue of motive. |
| **Exhibit 63** | Objection withdrawn. |
| **Exhibit 64** | Overruled. |
| **Exhibit 65** | Overruled. |
| **Exhibit 66** | Overruled. Admissible on issue of motive. |
| **Exhibit 67** | Overruled. Admissible on issue of motive. |
| **Exhibit 68** | Overruled. |
| **Exhibit 69** | Sustained in part. Exhibit must be redacted so that only reference to the malpractice of William Fleming failing to appear for Calendar Call is revealed. |
| **Exhibit 70** | Overruled. |
| **Exhibit 71** | Overruled. |
| **Exhibit 77** | Overruled. Admissible on issue of knowledge of problems at the Firm. |

| | |
|---|---|
| **Exhibit 78** | Overruled. Admissible on issue of knowledge of problems at the Firm. |
| **Exhibit 79** | Overruled. |
| **Exhibit 80** | Overruled. |
| **Exhibit 81** | Overruled. |
| **Exhibit 82** | Overruled. |
| **Exhibit 83** | Overruled. |
| **Exhibit 84** | Overruled. |
| **Exhibit 85** | Sustained. |
| **Exhibit 88** | Overruled. |
| **Exhibit 90** | Overruled. |
| **Exhibit 91** | Overruled. |
| **Exhibit 92** | Overruled. |
| **Exhibit 93** | Overruled. |
| **Exhibit 94** | Overruled. |
| **Exhibit 95** | Overruled. |
| **Exhibit 96** | Overruled. |
| **Exhibit 100** | Overruled. |
| **Exhibit 101** | Overruled. |
| **Exhibit 102** | Overruled. Admissible on issue of motive. |
| **Exhibit 103** | Overruled. |
| **Exhibit 104** | Exhibit withdrawn. |

| | |
|---|---|
| **Exhibit 105** | Overruled. |
| **Exhibit 106** | Overruled. |
| **Exhibit 113** | Overruled. |
| **Exhibit 114** | Overruled. |
| **Exhibit 115** | Objection withdrawn. |
| **Exhibit 116** | Overruled. |
| **Exhibit 117** | Overruled. |
| **Exhibit 118** | Objection withdrawn. |
| **Exhibit 120** | Objection withdrawn. |
| **Exhibit 124** | Overruled. |
| **Exhibit 132** | Overruled. |
| **Exhibit 133** | Overruled. |
| **Exhibit 134** | Objection withdrawn. |
| **Exhibit 136** | Overruled. |
| **Exhibit 137** | Waived. See note 1 regarding compliance with Judge Wood's case management practices. |
| **Exhibit 139** | Sustained.[10] |
| **Exhibit 144** | Sustained. |
| **Exhibit 145** | Sustained. |

---

[10] As discussed in note 9, supra, at the February 28th hearing, the Court instructed, and Plaintiff's counsel agreed, that all exhibits relating to insurance coverage after the operative facts in the underlying slip and fall case be withdrawn. The same instruction was given as to the correspondence generated after May of 2003. FTR, 12:58:33 p.m. - 12:59:37 p.m.

| | |
|---|---|
| **Exhibit 146** | Sustained. |
| **Exhibit 147** | Overruled. |
| **Exhibit 148** | Sustained. |
| **Exhibit 149** | Sustained. |
| **Exhibit 150** | Sustained. |
| **Exhibit 151** | Sustained. |
| **Exhibit 152** | Overruled. |
| **Exhibit 153** | Sustained. |
| **Exhibit 156** | Sustained. |
| **Exhibit 157** | Sustained. |
| **Exhibit 158** | Sustained. |
| **Exhibit 159** | Overruled. |
| **Exhibit 160** | Sustained. |
| **Exhibit 161** | Sustained. |
| **Exhibit 163** | Overruled. |
| **Exhibit 164** | Sustained. |
| **Exhibit 165** | Sustained. |
| **Exhibit 166** | Sustained. |
| **Exhibit 167** | Sustained. |
| **Exhibit 173** | Sustained as a stand alone exhibit, but may be admissible at conclusion of case. |
| **Exhibit 174** | Sustained. |

| | |
|---|---|
| **Exhibit 175** | Sustained. |
| **Exhibit 176** | Sustained. |
| **Exhibit 177** | Sustained. |
| **Exhibit 178** | Sustained. |
| **Exhibit 179** | Sustained. |
| **Exhibit 181** | Sustained. |
| **Exhibit 186** | Sustained as a stand alone exhibit, but may be admissible at conclusion of case. |
| **Exhibit 187** | Sustained as a stand alone exhibit, but may be admissible at conclusion of case. |
| **Exhibit 188** | Sustained. |
| **Exhibit 200** | Sustained. |
| **Exhibit 201** | Overruled. |
| **Exhibit 204** | Sustained. |
| **Exhibit 205** | Sustained. |
| **Exhibit 206** | Sustained. |
| **Exhibit 209** | Sustained.[11] |
| **Exhibit 210** | Sustained. |
| **Exhibit 212** | Sustained. |
| **Exhibit 214** | Sustained. |
| **Exhibit 216** | Sustained. |

---

[11]Plaintiff's counsel also agreed to withdraw Exhibits 209, 210, and 212. FTR, 2:17:04 p.m. - 2:17:40 p.m.

| | |
|---|---|
| **Exhibit 217** | Sustained. |
| **Exhibit 223** | Exhibit withdrawn. |
| **Exhibit 232** | Overruled. |
| **Exhibit 234** | Overruled, but will be redacted to take out claims related to former Firm member James Blanchard. |
| **Exhibit 236** | Overruled. |
| **Exhibit 271** | Overruled. |
| **Exhibit 272** | Overruled, but if document is a true duplicate of Exhibit 152, only one of the two exhibits should be used. |
| **Exhibit 273** | Overruled. |
| **Exhibit 274** | Sustained. |
| **Exhibit 275** | Overruled. |
| **Exhibit 276** | Sustained. |
| **Exhibit 277** | Overruled. |
| **Exhibit 278** | Overruled. |

SO ORDERED this 7th day of March, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE