FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2008 MAR -7 PM 4: 24

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WENDELL A. JENIFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-139 |
| | ) | |
| FLEMING, INGRAM & FLOYD, P.C., | ) | |
| f/k/a FLEMING, BLANCHARD, | ) | |
| JACKSON & DURHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

The above-captioned case is scheduled for jury selection before the Honorable Lisa Godbey Wood, United States District Judge, on April 15, 2008. By Orders dated October 19, 2007, and January 29, 2008, the parties were directed to engage in good faith efforts to resolve motions in limine and objections to exhibits and deposition testimony and to advise the Court in a joint brief as to remaining objections. (Doc. nos. 149, 158). The parties were further advised that any disputes not identified in the joint brief would be presumed to have been resolved and dismissed as moot.[1] The parties submitted a final joint brief (doc. no. 160), and on February 28, 2008, the Court held a hearing on the motions in limine and

---

[1] Accordingly, all issues previously raised in separately filed motions in limine but not included in the joint brief are **DISMISSED** as **MOOT**. Moreover, for the sake of administrative clarity, the Clerk of Court is **DIRECTED** to **TERMINATE** all separately filed motions in limine from the motions report. (Doc. nos. 91, 94, 95, 96, 97, 98, and 123). The Court will address in this Order all pending motion in limine issues properly raised in the joint brief.

objections to exhibits. Pursuant to that hearing, the Court's rulings on the motions in limine identified in the joint brief are as follows.[2]

## I. Plaintiff's Motions in Limine

### A. "Medical Records Summary" in Richard Mehrhof's File

Although Plaintiff raised the issue of Mr. Mehrhof's "Medical Records Summary" as a motion in limine, the issue of Mr. Mehrhof's opinion was also raised as objections to Exhibits 21, 29, and 45.[3] As explained from the Bench at the February 28th hearing, this Court concludes that Mr. Mehrhof's opinion as to the relative strengths and weaknesses of Plaintiff's underlying slip and fall case is irrelevant. That determination properly belongs to the jury in this federal case.

Defendants want to offer Mr. Mehrhof's testimony, as well as documents from his file, for the purpose of "show[ing] the conduct of Mr. Mehrhof and his investigation into [Plaintiff's] alleged injuries." (Doc. no. 160, p. 34). According to Defendants, this evidence is admissible to show how Mr. Mehrhof, counsel for the defendant in the underlying slip and fall litigation, defended the case and reached the conclusion that Plaintiff did not have a viable claim. (Id. at 8). They also state, "These documents relate to Mehrhof's credibility, not the underlying issue of whether or not the defendants breached a duty of care only to the plaintiff that arose to the level of negligence and whether or not that breach of care was in fact the proximate cause of Judge Overstreet's ruling against the defendant." (Id.).

---

[2]The objections to exhibits are addressed by separate order.

[3]The "Medical Records Summary" has been separately identified as Defendants' Exhibit 29.

2

However, at the February 28th hearing, Defendants offered a different theory of admissibility and argued that Mr. Mehrhof's opinion goes to the proximate cause, otherwise known as the "but for," element of Plaintiff's claim in this federal case. For the Record ("FTR") 10:37:12 a.m. - 10:37:27 a.m. Defendants argued at the hearing that the opinion tends to show that the attorney negligence alleged in this federal case did not result in a different outcome to the underlying slip and fall case because Plaintiff did not have, in Mr. Mehrhof's opinion, a viable claim in the first place. FTR, 10:37:05 a.m. - 10:40:16 a.m.

In denying the motions for summary judgment Judge Wood already ruled that the question of the merits of Plaintiff's slip and fall case belongs to the jury when she acknowledged, but rejected, Defendants' argument that Plaintiff would not have prevailed on the merits regardless of what Defendants did on Plaintiff's behalf. (Doc. no. 157, p. 16). Moreover, as Judge Wood pointed out, Defendants' argument on the issue of proximate cause ignores "Plaintiff's fundamental contention that Defendants' failure to investigate the case caused them to develop key factual misimpressions." (Id.). Therefore, what Mr. Mehrhof thought of Plaintiff's case when he received the file and collected select, uncertified medical records has no bearing on what the facts of the case might have ultimately borne out, had Defendants investigated the case. Whether Plaintiff - in Mr. Mehrhof's subjective opinion based on pieces of information that he cherry-picked from a set of records for which he set the parameters - may have been a malingerer in the past is not relevant to whether the facts of the event that occurred at the Sunset Inn when Plaintiff went up and down a set of

stairs on a specific date could make a valid claim.[4] Indeed, Plaintiff argues in this case that Mr. Mehrhof misstated facts about Plaintiff's version of what occurred at the Sunset Inn. Moreover, Plaintiff contends that Defendants did nothing to investigate and/or collect information on his claim such that the information could have been used to refute whatever the opposition's position may have been.

Defendants are certainly free to use <u>admissible</u> evidence to make their argument that Plaintiff was a malingerer and had no underlying claim. However, the Federal Rules of Evidence do not allow a party to boot-strap inadmissible evidence into a case under the guise of an irrelevant opinion. Thus, the medical records summary chart is inadmissible not only because Mr. Mehrhof's opinion on the viability of Plaintiff's underlying claim is not relevant to this case - the viability issue is a determination to be made by the jury - but also because it is well-settled that "Rule 1006 is not a back-door vehicle for the introduction of evidence which is otherwise inadmissible." Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1160 (11th Cir. 2004) (citations omitted). Defendants have not produced certified copies of the medical records upon which Mr. Mehrhof's summary is based, and therefore, the chart

---

[4]At the February 28th hearing, in describing the records that Mr. Mehrhof reviewed, defense counsel stated, "He got what he could get to help evaluate the file." FTR, 10:39:25 a.m. - 10:39:40 a.m. There is nothing in the record to evaluate whether the information that Mr. Mehrhof "could get" was accurate and/ or portrayed a complete picture of Plaintiff or his slip and fall claim. Therein lies the problem of admitting Mr. Mehrhof's opinion on the strength or weakness of Plaintiff's slip and fall case because there is no accurate basis for evaluating the validity of the information upon which Mr. Mehrhof based his opinion, let alone that the opinion was based on all of the available information relevant to the particular event that occurred at the Sunset Inn.

4

is not admissible.[5] Id. at 1161 ("[I]nadmissible documents are not made admissible by being summarized."). Accordingly, the motion in limine is **GRANTED**.

B. **Testimony from Judge Overstreet**

Defendants want to present the testimony of the Honorable J. Carlisle Overstreet, Superior Court Judge, regarding the "local practice" in the Augusta Judicial Circuit for hearing summary judgment motions. Plaintiff objects on the grounds that the testimony would be cumulative of Defendants' expert testimony from Byrd Warlick, Esquire, and David Hudson, Esquire, and unduly prejudicial to Plaintiff. In particular, the Court finds it somewhat curious that of all the Superior Court Judges available to testify concerning "local practice," Defendants chose the Judge who signed the dispositive order in Plaintiff's underlying slip and fall case. That the jury in this federal case might infer, from Judge Overstreet's presence, that his appearance was in support of the correctness of his dispositive order is problematic and may amount to unduly prejudicial evidence.

Upon consideration, and at this pre-trial stage, the motion in limine is **DENIED** without prejudice, with the caveat that Judge Wood, as the presiding Judge who will have heard all of the testimony at trial from Messrs. Warlick and Hudson, will be in the best position to determine whether the testimony of Judge Overstreet would be unduly prejudicial and/or cumulative, and therefore inadmissible, under Rule 403.

---

[5] Even if Defendants had produced admissible medical records, the chart contains inadmissible hearsay in the form of opinions that were not necessary for making a medical diagnosis. For example, the second entry on the chart states that Plaintiff had an "altercation w/police." Ex. 29, p. 1. Such unsolicited opinions are also unduly prejudicial under Rule 403.

5

### C. Evidence or Testimony to Impropriety, or Alleged Intentional Fabrication of Plaintiff's Tax Returns

The motion in limine to exclude any evidence or testimony to impropriety, or alleged intentional fabrication of Plaintiff's tax returns for the period relevant to this litigation is **GRANTED**. Judge Wood already considered the issue of Plaintiff's tax returns in relation to the jurisdictional issue raised earlier in this case and accepted the testimony of Endina Nipper, Plaintiff's tax preparer for 2005 and 2006, who admitted clerical errors in the preparation of Plaintiff's tax returns. (See doc. no. 147). Moreover, Defendants have not shown that the purpose for which they seek to use the information about Plaintiff's tax returns, to attack Plaintiff's credibility at trial, is material to this case. The law is well settled that under Fed. R. Evid. 608(b), a witness may not be impeached on a collateral matter with extrinsic evidence. United States v. Calle, 822 F.2d 1016, 1021 (11th Cir. 1987); United States v. Herzeberg, 558 F.2d 1219, 1223-24 (5th Cir. 1977). Moreover, prior wrongful acts that do not result in criminal convictions are ordinarily collateral matters. Herzberg, 558 F.2d at 1223. Here, assuming without deciding that there was some wrongful act performed in association with Plaintiff's tax returns, there has been no showing that there has been a criminal conviction regarding such acts. Therefore, evidence or testimony on the impropriety or alleged intentional fabrication of Plaintiff's tax returns is not admissible.

## II. Defendants' Motions in Limine

### A. Testimony of Jeffrey H. Gross

The motion to exclude the testimony of Jeffrey H. Gross pursuant to Fed. R. Evid. 702 and the criteria of Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), is **DENIED**. Defendants chose not to conduct discovery of Plaintiff's experts but now come to the Court seeking a Daubert hearing and exclusion of Mr. Gross's testimony. Defendants offer generalized objections to Mr. Gross's testimony but no specific contradictory evidence or particularized argument to controvert Mr. Gross's testimony.

Defendants are not entitled to a Daubert hearing, and their motion offers no justifiable reason to exclude Mr. Gross's testimony. In United States v. Hansen, 262 F.3d 1217 (11th Cir. 2001) (*per curiam*), the Eleventh Circuit explained that a Daubert inquiry should be conducted when the motion "is supported by 'conflicting . . . literature and expert testimony.'" Id. at 1234 (citation omitted). There is no such conflicting information presented by Defendants in this case. Moreover, "[a] review of the case law after Daubert shows that the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702, 2000 Amendments, advisory committee's note. Although "[t]he judge's role is to keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value," this role "is not intended to supplant the adversary system or the role of the jury." Allison

v. McGhan Med. Corp., 184 F.3d 1300, 1311-12 (11th Cir. 1999). "[V]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Id. at 1311 (citation omitted).

Accordingly, the motion to exclude the testimony of Mr. Gross is **DENIED**. Vigorous cross-examination by Defendants is the proper method by which Defendants should test the portions of Mr. Gross's testimony with which they do not agree.

**B.     Testimony of Frank Beltran**

Defendants offer three motions in limine to exclude the testimony of Frank Beltran, Esquire, one of Plaintiff's experts who offered opinions on the actions of Mr. William Fleming regarding filing responses to the motion for summary judgment and other actions that Mr. Fleming "could or could not have done" in the underlying slip and fall litigation. (Doc. no. 160, pp. 13-15). The motions are **DENIED**. Judge Wood made clear in her Order denying Defendants' motions for summary judgment that to meet his burden of proof in this legal malpractice action, Plaintiff has the burden of establishing three elements: (1) employment of the defendant attorney; (2) failure of the attorney to exercise ordinary care, skill, and diligence; and (3) that such negligence was the proximate cause of Plaintiff's damage. (Doc. no. 157, pp. 10-11 (citing Tante v. Herring, 264 Ga. 694, 453 S.E.2d 686 (1994)). Mr. Beltran's proposed testimony goes to the heart of what Plaintiff must prove in

his case in chief regarding the alleged failure to exercise ordinary care, skill, and diligence.[6] Accordingly, his testimony should not be excluded.

C.   Alleged Violations of Bar Rules

The motion in limine to exclude any evidence of alleged violations of the Bar Rules is **DENIED**. Although Defendants have correctly stated the law that a violation of the Bar Rules does not form the basis for a legal malpractice claim (doc. no. 160, p. 15), the Bar Rules do provide a benchmark for a standard of care to be exercised by attorneys in Georgia. As noted above, Plaintiff must establish a failure of the attorney to exercise ordinary care, skill, and diligence. Accordingly, the evidence on alleged violations of Bar Rules is admissible.

D.   Evidence on Punitive Damages or Attorneys' Fees

Judge Wood denied Defendants' motions for summary judgment on the issue of attorney's fees and punitive damages. (Doc. no. 157, p. 20). As Judge Wood has reserved

---

[6]Unlike the proposed opinion testimony of Mr. Mehrhof and Mr. Warlick which is based on cherry-picked, subjective evidence that cannot be objectively tested as to the conclusions reached, Mr. Beltran clearly delineates the standard of care upon which he bases his opinions concerning the actions of Defendants. (See doc. no. 76). Defendants can test Mr. Beltran's opinions about what could or should have been done by Defendants with the opinions of their own expert who have examined the same criteria as Mr. Beltran. Notably, Mr. Beltran specifically does not offer an opinion on the validity of Plaintiff's underlying claims (id. at 17, ¶ 18(d)), but rather confines his opinions to an analysis that Defendants:

> failed to exercise the degree of care, prudence and diligence as lawyers of ordinary skill and capacity commonly possesses and exercise under the same or similar circumstances, failed to apply well-known and accepted legal principles and/or procedures in their representation of Wendell Jenifer, and otherwise acted of failed to act in such a manner as to fail to prosecute property Mr. Jenifer's claims in the [underlying] Lawsuit. . . .

(Id. at 3, ¶ 7).

these issues for the jury, this Court will not exclude evidence on such issues.[7] Accordingly, the motion in limine is **DENIED**.

### E. Subsequent Remedial Measures

The motion to exclude evidence of subsequent remedial measures is **DENIED**. Defendants offer no specific argument on this request in their briefing. (Doc. no. 160, p. 15). Although it is true that under Fed. R. Evid. 407, evidence of subsequent remedial measures "is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction," the Rule specifically provides that subsequent measures may be admitted "when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." Fed. R. Evid. 407. As noted above, Defendants provided no specific argument in their briefing, and Plaintiff has offered a multitude of reasons for which such evidence might otherwise be admissible (doc. no. 160, pp. 29-30). Accordingly, such evidence is admissible.

### F. Evidence to Collaterally Attack Judge Overstreet's Order

Defendants' motion in limine to exclude evidence to be used for the purpose of collaterally attacking Judge Overstreet's Order in the underlying slip and fall litigation is **DENIED**. As thoroughly explained in Judge Wood's Order denying Defendants' motions for summary judgment, one of the elements of Plaintiff's case is that he must show "that but

---

[7]Indeed, Defendants acknowledge that this motion in limine is primarily for the purpose of "preserving the error" that they believe was committed in denying their motions for summary judgment on the issued of punitive damages or attorney's fees. (Doc. no. 160, p. 15).

10

for the attorney's negligence, the outcome would have been different." (Doc. no. 157, p. 14 (citing Houston v. Surrett, 222 Ga. App. 207, 209, 474 S.E.2d 39, 41 (1996)). The summary judgment Order also notes, "Of import, Plaintiff contends that Bill Fleming failed to bring to the court's attention evidence that would have undermined key factual findings in Judge Overstreet's order and would have precluded summary judgment on the merits of the case." (Id. at 16). Judge Wood's Order goes on to explain that Plaintiff has pointed out certain factual inconsistencies between information in Judge Overstreet's order and factual information collected by Plaintiff's current counsel regarding the underlying slip and fall incident. (Id. at 16-19). Thus, as Judge Wood has pointed out that the evidence marshaled by Plaintiff casts doubt on the information upon which Judge Overstreet relied, and as Judge Wood's Order makes clear that Plaintiff must establish that "but for" his counsel's negligence, in this instance an alleged failure to bring certain key facts to Judge Overstreet's attention that undermine the basis for his ruing, to exclude evidence collaterally attacking Judge Overstreet's order would unfairly prohibit Plaintiff from attempting to meet his burden of proof. Accordingly, such evidence is admissible.

SO ORDERED this 7th day of March, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

11